*E-FILED - 8/13/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODORO SIERRA,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　Respondent. | No. C 07-0175 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION AS UNTIMELY<br><br>(Docket No. 8) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2002 Santa Clara County Superior Court conviction. Respondent filed a motion to dismiss the petition. Petitioner did not file an opposition. Based upon the papers submitted, the court will DISMISS the instant petition as untimely pursuant to 28 U.S.C. § 2244(d)(1).

**STATEMENT**

According to the petition, on March 19, 2002, petitioner was sentenced to seventeen years in prison after his nolo contendere plea to first degree burglary, assault and false imprisonment (see Cal. Pen. Code §§ 220, 236, 237, 459, 460). Petitioner appealed his conviction, which was affirmed by the California Court of Appeal on February 7, 2003, and denied review by the California Supreme Court on May 14, 2003. Thereafter, petitioner filed a

state habeas petition in the California Supreme Court, which was denied on November 15, 2006. Petitioner filed the instant federal petition on January 10, 2007.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[1] Where, as here, "the petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitation period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

Here, the California Supreme Court denied review of petitioner's 2002 judgment on May 14, 2003, see Respondent's Motion to Dismiss ("Mot."), Exhibit 2, and thus the judgment became "final" under AEDPA 90 days later, on August 12, 2003. Petitioner's statute of limitations began to run the following day, August 13, 2003, and expired on August 12, 2004. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Accordingly, petitioner had until August 12, 2004 to file his federal habeas petition. The instant petition was not filed until January 10, 2007, over two years later. Thus, absent tolling the instant petition is untimely.

Although the one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," petitioner does not assert that he is entitled to any statutory or equitable tolling, nor is there any apparent basis for such tolling in the record. Further, petitioner filed nothing between the date his conviction became final, August

---

[1] In rare instances, not presented by the instant petition, the limitation period may run from a date later than the date on which the judgment became final. See U.S.C. §§ 2244(d)(1)(B)-(D). The court explains below why 28 U.S.C. § 2254(d)(1)(D) does not delay the commencement of the limitations period here, and there is no argument, or any apparent basis, for applying 28 U.S.C. §§ 2254(d)(1)(B)-(C).

Order Granting Respondent's Motion to Dismiss Habeas Petition as Untimely
P:\PRO-SE\SJ.Rmw\HC.07\Sierra175dis-time.wpd        2

1  12, 2003, to the date he filed a state habeas petition in the California Supreme Court on March
2  17, 2006, see Mot., Exhibit 4, long after his statute of limitations had already expired. As such,
3  he is not entitled to statutory tolling under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d
4  820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations
5  period that has ended before the state petition was filed").

6      As a result, the instant petition is not rendered timely by tolling under 28 U.S.C.
7  § 2244(d)(2). Further, although equitable tolling may be available in limited cases, there is no
8  argument or indication that petitioner is entitled to equitable tolling in this case. As the instant
9  petition was filed after the limitations period expired, and there is no basis for tolling, the instant
10 petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

**CONCLUSION**

12     Respondent's motion to dismiss the petition as untimely (docket no. 8) is GRANTED.
13 The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The clerk shall
14 terminate all pending motions and close the file.

15     IT IS SO ORDERED.
16 Dated:  8/12/08

*Ronald M. Whyte*
RONALD M. WHYTE
17 United States District Judge